Citation Nr: 1339296 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-16 520A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an increased rating in excess of 10 percent for the service-connected left knee post-traumatic degenerative joint disease status post partial lateral meniscectomy.


REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs


ATTORNEY FOR THE BOARD

C. Wendell, Associate Counsel





INTRODUCTION

The Veteran served on active duty from January 1980 to June 1992.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Board has not only reviewed the Veteran's physical claims file but also the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran's most recent medical examination to determine the current degree of severity of his left knee disability was performed in February 2011. In his June 2011 notice of disagreement, the Veteran noted that his left knee now requires the use of a knee brace, which was not noted in the February 2011 examination report. As the use of the knee brace indicates a potential worsening of the current disability beyond that noted in the February 2011 examination, the Board finds that a new VA examination is necessary. Further, while the manifestations of the Veteran's left knee disability were noted, the frequency of the reported locking was not. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any recent VA treatment records that are not already associated with the record. 

2. The Veteran should be asked to provide or identify any relevant non-VA medical records, and any records so identified should be obtained if possible. 

If, after making reasonable efforts to obtain named records the AMC is unable to secure same, the AMC must notify the Veteran and (a) identify the specific records the AMC is unable to obtain; (b) briefly explain the efforts that the AMC made to obtain those records; (c) describe any further action to be taken by the AMC with respect to the claim; and (d) inform the Veteran that he is ultimately responsible for providing the evidence. The Veteran must then be given an opportunity to respond.

3. After undertaking the development listed above to the extent possible, schedule the Veteran for a new VA examination with an appropriate medical professional in order to ascertain the current severity of his service-connected left knee disability. The claims file must be made available to and reviewed by the examiner. A note that it was reviewed should be included in the examination report. All testing deemed necessary must be conducted and results reported in detail.

All manifestations of the left knee disability, such as locking, pain, effusion, and the frequency of their occurrence, should be noted. The examiner should also conduct range of motion studies and describe the extent of any functional loss due to weakened movement, excess fatigability, incoordination, or pain on use. Any additional impairment on use or in connection with any flare-up should be described in terms of the degree of additional range-of-motion loss. If such is not possible without resorting to speculation, the examiner should explain why. 

4. Thereafter, readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran and his representative should be afforded the applicable time period in which to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



____________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).